NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 15 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT R. COMENOUT, Sr.,<br><br>   Plaintiff,<br><br> and<br><br>MARY LINDA PEARSON,<br><br>   Plaintiff-Appellant,<br><br> v.<br><br>ROBERT W. WHITENER, Jr., DBA<br>Whitener Group, an individual,<br><br>   Defendant-Appellee. | No.   15-35261<br><br>D.C. No. 3:15-cv-05054-BHS<br><br>MEMORANDUM* |
| ROBERT R. COMENOUT, Sr.,<br><br>   Plaintiff-Appellant,<br><br> v.<br><br>ROBERT W. WHITENER, Jr., DBA<br>Whitener Group, an individual,<br><br>   Defendant-Appellee. | No.   15-35268<br><br>D.C. No. 3:15-cv-05054-BHS |

Appeal from the United States District Court

―――――――――――――――

   *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted June 9, 2017[**]
Seattle, Washington

Before: McKEOWN, CALLAHAN, and IKUTA, Circuit Judges.

Robert R. Comenout, Sr.[1] appeals the district court's dismissal of his action against Robert W. Whitener, Jr. under Federal Rules of Civil Procedure 12(b)(7) and 19 for failure to join a necessary and indispensable party, the Quinault Indian Nation (the "Nation"), and denial of Comenout's motion for reconsideration. We review such decisions for abuse of discretion, *Dawavendewa v. Salt River Project Agric. Improvement & Power Dist.*, 276 F.3d 1150, 1154 (9th Cir. 2002); *Shalit v. Coppe*, 182 F.3d 1124, 1127 (9th Cir. 1999), but we review de novo questions of tribal sovereign immunity, *Linneen v. Gila River Indian Cmty.*, 276 F.3d 489, 492 (9th Cir. 2002). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Though Comenout's complaint names only Whitener as a defendant, all of Comenout's claims implicate the Nation's interest in the business lease on the property at the time of Comenout's suit, and the district court could not afford

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Appeal No. 15-35261, filed by Mary Linda Pearson as personal representative of the Estate of Edward A. Comenout, Jr., is dismissed because the Estate was not a party to the case before the district court. *See Keith v. Volpe*, 118 F.3d 1386, 1391 (9th Cir. 1997).

2

Comenout the complete relief he seeks without the Nation's involvement. *See Alto v. Black*, 738 F.3d 1111, 1126 (9th Cir. 2013). Thus, the Nation is a necessary party under Rule 19(a). The Nation could not feasibly be joined in the action because the Nation has not waived its sovereign immunity to be sued by Comenout in federal court nor has Congress abrogated the Nation's immunity. *See Okla. Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Okla.*, 498 U.S. 505, 509 (1991). This analysis of the Nation's immunity is distinct from, and unaffected by, the question whether Whitener is personally immune from suit, an issue we need not address.

Under Rule 19(b), the district court did not abuse its discretion in concluding that the Nation is an indispensable party. The district court identified the correct legal standard and determined that the Nation would be prejudiced if the suit proceeded in its absence and that relief could not be shaped to minimize prejudice. Although Comenout has an interest in litigating his claims, the Nation has an interest in its sovereign immunity. *See Quileute Indian Tribe v. Babbitt*, 18 F.3d 1456, 1460 (9th Cir. 1994).

Nor did the district court abuse its discretion in denying Comenout's motion for reconsideration and for leave to file an amended complaint. Even assuming that the tribal officials named in the amended complaint are not entitled to sovereign immunity against Comenout's claims for prospective relief, *see*

3

*Dawavendewa*, 276 F.3d at 1159–60, Comenout's motion and proposed

amendment do not cure the failure to join the Nation as an indispensable party.

**AFFIRMED as to 15-35268.   DISMISSED as to 15-35261.**